## 60822. WILLIAMS v. THE STATE.

BANKE, Judge.

This is an appeal from the denial of an out-of-time motion for a new trial. The appellant stands convicted under a 2-count indictment charging him with enticing a child for indecent purposes and child molestation. The evidence presented by the state shows that the appellant met the child on the street and accompanied her to a wooded area, where, the victim testified, he attempted without success to have intercourse with her. Appellant complains that there was but one criminal transaction, and thus that his conviction and sentence for two separate crimes cannot stand. *Held:*

1. "When the same conduct of an accused may establish the commission of more than one crime, the accused may be prosecuted for each crime. He may not, however, be convicted of more than one crime if (1) one crime is included in the other, or (2) the crimes differ only in that one is defined to prohibit a designated kind of conduct generally and the other to prohibit a specific instance of such conduct." Code Ann. § 26-506 (a). It cannot be said that the crimes differ only in that one is a more specific form of the other [subparagraph (2) above]; therefore, whether the offenses merge depends upon whether one is included in the other. A crime is included in another when: "(a) It is established by proof of the same or less than all the facts or a less culpable mental state than is required to establish the commission of the crime charged, or (b) it differs from the crime charged only in the respect that a less serious

injury or risk of injury to the same person, property, or public interest or a lesser kind of culpability suffices to establish its commission." Code Ann. § 26-505. "These sections establish alternative rules for determining when one crime is included in another as a matter of fact *or* as a matter of law so as to bar conviction and punishment for more than one crime . . . [A] crime is an included crime and multiple punishment . . . is barred if it is the same as a matter of fact *or* as a matter of law . . . " *State v. Estevez,* 232 Ga. 316, 319 (206 SE2d 475) (1974). In the case before us, we conclude that the appellant was not convicted twice for the same conduct as a matter of fact. We further find that one crime is not included within the other as a matter of law. Accord, *Thomas v. State,* 237 Ga. 690 (III) (229 SE2d 458) (1976) (kidnapping and rape); *Jarrell v. State,* 234 Ga. 410 (216 SE2d 258) (1975) (kidnapping, armed robbery, aggravated assault, and murder). This enumeration of error is without merit.

2. Appellant next enumerates as error the admission, over his hearsay objection, of the testimony of the chief of police relating an account of the entire incident as told to him by the victim the day after the alleged incident.

"When in a legal investigation, information, conversations, letters and replies, and similar evidence are facts to explain conduct and ascertain motives, they shall be admitted in evidence, not as hearsay, but as original evidence." Code Ann. § 38-302. "However, such testimony is admissible under that Code section as original evidence 'to explain conduct' of the investigating officer, not as original evidence of the defendant's guilt." *Germany v. State,* 235 Ga. 836, 840 (221 SE2d 817) (1976). "The testimony that a witness received certain information upon which he acted is admissible not as independent evidence to establish the truth of such information, but as an inducement and explanation by the witness that, acting on such information, he discovered other facts connecting the accused with the crime in question." *Lloyd v. State,* 139 Ga. App. 625, 626 (229 SE2d 106) (1976). "Although the better practice is to bring out the fact of the conversation without relating the exact words used, where the details are given there is no reversible error unless the words are prejudicial." *Arnold v. State,* 236 Ga. 534, 537 (224 SE2d 386) (1976). In the case sub judice, the victim had already testified at quite some length concerning the events of the day in question. Her testimony regarding the incident did not differ materially from that given by the police officer. Under the circumstances, we find no prejudice.

3. In his final enumeration of error, appellant complains that he was denied effective assistance of counsel. The standard for determining the effectiveness of counsel is not errorless counsel or one judged ineffective by hindsight, but "counsel reasonably likely to

render *and rendering* reasonably effective assistance." *Pitts v. Glass,* 231 Ga. 638, 639 (203 SE2d 515) (1974). Judged by this standard, we conclude that this enumeration of error is without merit.

*Judgment affirmed. McMurray, P. J., and Smith, J., concur.*

SUBMITTED OCTOBER 9, 1980 — DECIDED NOVEMBER 17, 1980.

*Thomas M. Jackson,* for appellant.
*Beverly B. Hayes, District Attorney,* for appellee.

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*