A96A1245. LEVIN v. THE STATE.
(473 SE2d 582)

Judge Harold R. Banke.

After a trial on a special plea of incompetency and a trial on the merits, Gregory A. Levin was convicted of aggravated assault, burglary, two counts of simple assault, and possession of a firearm during the commission of a felony. He was found guilty but mentally ill of kidnapping with bodily injury and making harassing telephone calls. On appeal, he enumerates 11 errors.

The State's evidence showed that this case arose in the wake of Levin's bitter and protracted divorce proceedings. Levin had been jailed for several months for defying a court order in the divorce case distributing the marital property. He purportedly became convinced that corruption pervaded the court system overseeing his domestic situation and the county hospital where his ex-wife worked, and that various individuals involved in those entities and his ex-wife were conspiring against him. Ostensibly to draw attention to this corruption, Levin broke into his recently remarried and pregnant ex-wife's home with a sledgehammer and held her hostage at gunpoint. After entering, Levin sent his ex-wife's 14-year-old daughter away. During the 12 hours Levin held his ex-wife hostage, he repeatedly threatened and beat her and vandalized the house while intermittently communicating with law enforcement directly and through his ex-wife, demanding, inter alia, cigarettes, his dog, an open line to the media in order to expose the corruption in the county, a tape recorder, and to talk to his ex-wife's daughter. Only the intervention of a SWAT team ended the ordeal. The harassing telephone calls charge was predicated on calls Levin made to the attorney who repre-

sented his ex-wife in the divorce.

At trial, the State introduced the tapes of Levin and his ex-wife's communications with police during the ordeal and expert psychiatric testimony indicating that at the time of the crimes, Levin had signs of a paranoid personality disorder and sought revenge for the divorce settlement, but appreciated the seriousness of his actions, understood their illegality, and could distinguish between right and wrong. The defense's own psychiatric witness testified that Levin was motivated by a sense of revenge. The experts agreed that Levin was exceptionally intelligent. Levin himself testified that he knew society considered his actions unlawful, but at the time he broke into the house he considered them an expression of political protest for which he would ultimately receive clemency. *Held*:

1. The trial court did not commit reversible error while charging the jury during the special plea of incompetency proceedings. As Levin correctly argues, the trial court twice stated during the charge that Levin was alleged to be incompetent and incapable of "rendering his counsel any assistance in the defense of the matter for which he is charged." This is an incorrect statement of the law. The proper standard on this issue is whether a defendant is capable of "rendering his attorneys such assistance as a proper defense to the indictment preferred against him demands." *Carter v. State*, 257 Ga. 510, 513 (2) (361 SE2d 175) (1987).

When placed in context, however, the errors do not require reversal. The court made the first of these comments before commencing the charge by generally explaining Levin's contention that he was incompetent to stand trial. The second was made in the context of reiterating Levin's contentions as a way of introducing the general charge on incompetence. However, at the beginning of the incompetency proceedings and again when the court actually framed the issue for the jury, it used the proper standard.[1] Although the court's introductory comments contained a verbal inaccuracy, taken as a whole, the charge substantially presented the issue in a way not likely to confuse the jury. *Mobley v. State*, 218 Ga. App. 739, 740-741 (2) (463 SE2d 166) (1995).

2. The trial court did not abuse its discretion by prohibiting one of Levin's lawyers from testifying as to Levin's ability to assist in his defense. *Timberlake v. State*, 246 Ga. 488, 501 (7) (271 SE2d 792) (1980). "The practice of trial attorneys testifying is not approved by

---

[1] The court charged, "The question here for your determination by your verdict is whether the Movant Greg Levin is at this time capable of understanding the nature and object of the proceedings, understanding the Movant's situation in reference to such proceedings and giving the attorneys representing the Movant such assistance as a proper defense to the charges demand."

the courts except where made necessary by the circumstances of the case." Id. at 500 (7). The circumstances did not necessitate counsel's testimony here. Compare id. (prosecutor testified as an unanticipated rebuttal witness). Because Levin called two experts who testified about his ability to assist in his defense, his counsel's testimony was cumulative and not "essential to the ends of justice." Id. Moreover, in excluding counsel's testimony, the trial court considered the problematic issue of Levin's capacity to waive the attorney-client privilege in light of his alleged incompetence. Further, testifying could have placed counsel in the potentially awkward position of arguing his own credibility over the State's experts. Id. In light of these considerations, a finding that the court abused its discretion is unwarranted.

3. Under the circumstances of this case, the trial court's failure to charge the mandatory language of OCGA § 17-7-131 (b) (3) (A) is not reversible error. This statute requires the court to instruct the jury, "I charge you that should you find the defendant not guilty by reason of insanity at the time of the crime, the defendant will be committed to a state mental health facility until such time, if ever, that the court is satisfied that he or she should be released pursuant to law." The record shows that the charge Levin requested, which the court gave verbatim, tracked the statutory language except that it omitted the phrase "if ever." The court subsequently asked counsel if there was anything it might have misread and counsel twice answered in the negative.

Without question, the failure to include the phrase "if ever" was error. *Moore v. State*, 217 Ga. App. 207, 209 (1) (456 SE2d 708) (1995) (where defense counsel objected to the misleading and erroneous charges). However, *Moore*, supra, is factually distinguishable due to that court's complete failure to track the statutory language when it summarized the entire charge. Compare OCGA § 17-7-131 (b) (3) (A) and (B). The charge in *Moore* was confusing, ambiguous, and likely to have misled the jury as to who would have custody and control of Moore and who would decide if and when he would be released if found not guilty by reason of insanity or guilty but mentally ill. *Moore*, 217 Ga. App. at 208-209. In *Moore*, we concluded that the defective charge effectively deprived Moore of his insanity defense. Id. at 208. Conversely, no such ambiguity existed in the instant case because the requested charge specified that the court would retain control over Levin's release. Nor did the charge imply that the court would be required at some point to order Levin's release.

Moreover, procedural impediments to Levin's argument preclude reversal on this issue. First, the error was self-induced, which "cannot be complained of on appeal." *Griffith v. State*, 188 Ga. App. 789, 790 (374 SE2d 359) (1988). In addition, Levin's acquiescence to the

charge estops him from asserting this claim of error on appeal. *Milam v. State*, 255 Ga. 560, 561-562 (1) (341 SE2d 216) (1986); compare *Gaines v. State*, 177 Ga. App. 795, 799 (1) (341 SE2d 252) (1986).

4. We reject Levin's argument that during the charge the trial court deprived him of his insanity defense on the lesser included offenses by characterizing the possible verdicts and lesser included offenses identically as "options." The record shows that the court used the word after it had concluded its substantive charges and was instructing the jury on the proper use of the eight verdict forms, which corresponded to each count. The court essentially stated that most of the forms had the same four options — not guilty, not guilty by reason of insanity, guilty, and guilty but mentally ill — but in three charges the jury had the fifth option of convicting on certain named lesser included offenses.[2]

Because the jury charges Levin requested on lesser included offenses addressed only guilt and innocence and did not contemplate the application of his insanity defense the error, if any, was self-induced. See *Bailey v. State*, 203 Ga. App. 133, 138 (4) (416 SE2d 151) (1992); *Griffith v. State*, 188 Ga. App. at 790. Moreover, the record demonstrates that the court discussed this format with Levin's counsel, they acquiesced to it, and one of them actually characterized the choices on the verdict form as "options." See *Milam v. State*, 255 Ga. at 561-562 (1) (claim of error on appeal estopped by acquiescence to charge).

5. The trial court erred in permitting the jury to consider a verdict of guilty but mentally ill on the misdemeanor count of making harassing telephone calls. OCGA § 16-11-39 (a) (4). That verdict is available only in felony cases. OCGA § 17-7-131 (b) (1) (D). Converting the verdict to guilty, as the State proposes, would constitute an impermissible substantive change in the verdict violative of OCGA § 17-9-40. See *Hollis v. State*, 215 Ga. App. 35, 36 (1) (450 SE2d 247) (1994). The conviction on this misdemeanor charge must be reversed.

6. Levin contends that the jury charge on aggravated assault erroneously authorized the jury to convict him of committing the crime in a manner other than that alleged in Count 2 of the indictment. "It is 'not usually cause for a new trial that an entire Code section is given . . . even though a part of the charge may be inapplicable under the facts in evidence.' [Cit.]" *Childs v. State*, 257 Ga. 243, 253 (17) (357 SE2d 48) (1987). However, error arises if the indictment specifies the commission of a crime by only one of several meth-

---

[2] Levin was in fact convicted of two of the lesser included offenses. One of the simple assault convictions was a lesser included offense of cruelty to children and the other resulted from an aggravated assault charge.

ods possible under the statute and a reasonable probability exists that the jury convicted the defendant of committing the offense in a manner not charged in the indictment. *Perguson v. State*, 221 Ga. App. 212 (470 SE2d 909) (1996); compare *Lumpkin v. State*, 249 Ga. 834, 836 (2) (295 SE2d 86) (1982).

Although the indictment charged Levin only with assaulting his ex-wife with a deadly weapon, the court charged the jury as follows, "A person commits the offense of aggravated assault when he assaults with intent to murder, to rape, or rob or with a deadly weapon or any object, device, or instrument which when used offensively against a person is likely to or actually does result in serious bodily injury." In contrast to the indictment, the record is replete with evidence that Levin intended to murder his ex-wife. The instruction as given suggested that the jury could convict Levin if it found he assaulted his ex-wife either with intent to murder her or with a deadly weapon. Consequently, we are constrained to find that the charge violated Levin's due process rights by raising " 'a reasonable [probability] that the jury convicted . . . [him] of the commission of a crime in a manner not charged in the indictment.' " *Dukes v. State*, 265 Ga. 422, 423 (457 SE2d 556) (1995); *Childs*, 257 Ga. at 253 (17).

This same reasoning applies to the firearms charge. The indictment charged Levin with violating OCGA § 16-11-106 by having "on his person a firearm during the commission of the crime of Aggravated Assault." The court charged that "[a]ny person who shall . . . have on or within arm's reach of his person a firearm during the commission of or the attempt to commit any crime against or involving the person of another or the unlawful entry into a building or vehicle commits the offense of possession of a firearm during the commission of a felony." Evidence of Levin's unlawful entry into his ex-wife's house was presented at trial and Levin was convicted of burglary. Thus, a reasonable probability exists that the jury convicted Levin of the firearms charge in a manner not charged in the indictment. *Dukes*, 265 Ga. at 423. This error is sufficiently egregious to preclude a finding that it was waived even if, as the State argues, Levin failed to except to the charges. OCGA § 5-5-24 (c); *Gaines*, 177 Ga. App. at 799-800 (1).

7. The trial court did not abuse its discretion in responding to the jury's request for a definition of the word "disfigurement" in reference to the charge on aggravated battery. *Payne v. State*, 219 Ga. App. 318 (1) (b) (464 SE2d 884) (1995). The court allowed counsel to research the term "seriously disfigured" as used in the aggravated battery statute and stated that it intended to inform the jury that the disfigurement need not be permanent and the jury must decide whether the disfigurement was serious. Levin's counsel then stated the

instruction seemed reasonable and did not object when the court so charged the jury. After acquiescing to this instruction, Levin is estopped from challenging it on appeal. See *Milam*, 255 Ga. at 561-562 (1). Moreover, the instruction given was a correct statement of the law. *In the Interest of H. S.*, 199 Ga. App. 481 (405 SE2d 323) (1991); *Miller v. State*, 155 Ga. App. 54, 55-56 (4) (270 SE2d 466) (1980).

8. We reject Levin's contention that his trial counsel's failure to include the phrase "if ever" in his requested charge on OCGA § 17-7-131 (b) (3) (A) constituted ineffective assistance of counsel. (See Division 3 for the statutory language at issue.) Although the omission of this phrase in the requested charge clearly was deficient, Levin failed to satisfy his burden of establishing that the deficiency prejudiced his defense to the extent that there was a reasonable probability the result of his trial would have been different but for his defense counsel's failure to include the two words at issue in the jury charge. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984); *Brown v. State*, 257 Ga. 277, 278 (2) (357 SE2d 590) (1987). The evidence, including the 911 tapes from the hostage ordeal and Levin's own testimony, particularly his admission that he knew his actions were unlawful, justified the jury's conclusion that Levin was not insane. See OCGA § 16-3-2 (insanity defense unavailable to an accused who can distinguish between right and wrong).

Nor does the omission of the phrase "if ever" offend the constitutional underpinnings of ineffectiveness analysis. The Sixth Amendment does not require perfect representation, only assistance sufficient to assure the accused due process of law. *Guthrie v. State*, 160 Ga. App. 824, 825 (2) (287 SE2d 673) (1982). Under the circumstances of this case, we cannot find that the error here was sufficient to deprive Levin of his right to a fair trial or that the trial court clearly erred in determining that counsel was not ineffective. *Strickland*, 466 U. S. at 687; *Hudson v. State*, 218 Ga. App. 671, 672 (1) (462 SE2d 775) (1995).

*Judgment affirmed in part, reversed in part and remanded. Johnson and Ruffin, JJ., concur.*

DECIDED JULY 8, 1996.

*Virginia W. Tinkler*, for appellant.
*David McDade, District Attorney*, for appellee.