## A96A0953. WELLS v. THE STATE.
(474 SE2d 764)

POPE, Presiding Judge.

Defendant Joe Henry Wells was convicted by a jury on two counts of child molestation (OCGA § 16-6-4) and two counts of enticing a child for indecent purposes (OCGA § 16-6-5). The trial court sentenced him to ten years to serve on each of the enticement counts, fifteen years to serve on the first child molestation count, and fifteen years probation for the second child molestation count. On appeal, defendant challenges the sufficiency of the evidence, the admission of hearsay evidence which bolstered the victim's story, and the trial court's failure to merge the child molestation and enticement counts for purposes of sentencing. While defendant's first two arguments are without merit, we agree that the child molestation and enticement counts merged under the circumstances of this case, and therefore remand for resentencing.

1. The victim, who was 11 years old at the time of the charged offenses, testified that she was at her aunt's house when defendant (her cousin) offered to take her to the store for a soft drink. She went with him, expecting him to go to a nearby store. Defendant instead drove to a store farther away, and during the drive he touched and rubbed her genital area. Later the same night defendant took the victim and another young girl to visit relatives, and on the way home he rubbed her genital area again.

Viewed in a light to support the verdict, this evidence was sufficient to enable rational jurors to find defendant guilty on all counts beyond a reasonable doubt. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Several witnesses testified regarding what the victim told them about this incident soon after it occurred, and defendant challenges the admission of this testimony as hearsay. This testimony was admissible under OCGA § 24-3-16, however, since the victim testified at trial and was under 14 years of age at the time the statements were made. See *Greer v. State*, 201 Ga. App. 775 (4) (412 SE2d 843) (1991). Contrary to defendant's suggestion, the trial court need not make an explicit finding of sufficient indicia of reliability. See *Green v. State*, 212 Ga. App. 250 (441 SE2d 689) (1994). Considering the child's age, the fact that she made the statements soon after the charged offenses occurred, and the consistency of her statements, the record contains sufficient indicia of reliability; and this is all that is necessary. See *Gregg v. State*, 201 Ga. App. 238 (3) (411 SE2d 65) (1991).

3. Defendant also contends that the child molestation and enticement charges should have merged for purposes of sentencing. Defendant failed to raise this issue below, and we have held that an argument based on merger is not preserved for appellate review if it is not raised below. See *Henderson v. State*, 218 Ga. App. 311 (3) (460 SE2d 876) (1995). Nonetheless, in the interest of justice and judicial economy (lest the issue appear again in a habeas petition), we exercise our discretion to address this question. Cf. *Barnes v. State*, 244 Ga. 302 (1) (260 SE2d 40) (1979).

Under Georgia law, offenses merge and multiple punishment is prohibited if one offense is included in the other as a matter of law or fact. See, e.g., *Horne v. State*, 192 Ga. App. 528 (6) (385 SE2d 704) (1989). Child molestation and enticement do not merge as a matter of law, since each has an element not necessary to prove the other (the actual commission of an immoral or indecent act for child molestation; asportation for enticement). *Williams v. State*, 156 Ga. App. 481 (1) (274 SE2d 826) (1980); see also *Kirby v. State*, 187 Ga. App. 88 (2) (369 SE2d 274) (1988). And they need not merge as a matter of fact, since they generally occur sequentially (i.e., the enticement offense is completed before the child molestation occurs), such that it is not necessary to prove one by using the same or less than all the facts used to prove the other. *Williams*, 156 Ga. App. at 482 (1); see also *Robinson v. State*, 210 Ga. App. 175 (2) (435 SE2d 466) (1993).

The allegations of the indictment are important, however: if an offense as charged in the indictment includes the commission of another charged offense, the latter offense is necessarily included in the former as a matter of fact. *Horne*, 192 Ga. App. at 533 (6). In this case, the enticement counts of defendant's indictment specifically alleged that defendant enticed the child for the purpose of child molestation, "in that said accused did commit an immoral and indecent act to and with [the victim] by fondling the genital area of said

child, with intent to arouse and satisfy the sexual desires of said accused." Thus, in order to prove the enticement counts as alleged in the indictment, the prosecution had to prove all the facts used to prove the child molestation counts. As in *Horne*, therefore, the offenses merge as a matter of fact and defendant here cannot be convicted and sentenced for both. See OCGA § 16-1-7.

We remand to allow the trial court to vacate defendant's convictions on either the child molestation counts or the enticement counts. And because the existence of four counts obviously influenced the trial court's exercise of its discretion in sentencing on each count, we vacate defendant's sentence with respect to all counts and remand to allow the trial court to resentence on the remaining two counts. See *United States v. Alvarez-Moreno*, 874 F2d 1402, 1414 (11th Cir. 1989).

*Judgment affirmed in part and reversed in part, and case remanded for resentencing. Smith, J., concurs. Andrews, J., concurs in judgment only.*

DECIDED AUGUST 22, 1996.

*Walter E. Van Heiningen*, for appellant.
*H. Lamar Cole, District Attorney, Charles M. Stines, Assistant District Attorney*, for appellee.