## S97A0460. GARNER v. THE STATE.
### (485 SE2d 729)

FLETCHER, Presiding Justice.

A jury found Vincent Troy Garner guilty in the shooting death of Tony McCorkle.[1] Garner claimed that he shot McCorkle in self-defense after McCorkle retrieved a gun from under his car seat. Because the trial court's instructions to the jury did not preclude it from considering Garner's self-defense theory, we affirm.

1. The evidence shows that McCorkle stopped his car on Lyman

---

[6] *Roseboro,* 258 Ga. at 40.
[7] Id.
[8] Id.
[9] Id.
[10] *Roseboro,* 258 Ga. at 41.
[1] The crimes occurred on May 14, 1995, and a grand jury indicted Garner on June 20, 1995. A jury found Garner guilty on December 12, 1995, and the trial court sentenced him on January 5, 1996, to life imprisonment on the murder charge and five years each on the weapons charges. Garner filed a motion for a new trial on January 26, 1996, which was denied on November 25, 1996. He filed a notice of appeal on December 3, 1996. The case was docketed on December 12, 1996, and submitted for decision based on briefs on February 3, 1997.

Street in Augusta, Georgia. After McCorkle refused to buy drugs from Garner, Garner pulled a .38 pistol from behind him and shot once at McCorkle. McCorkle cranked up his car and fell over as he drove away. He died from a gunshot to his heart.

In his defense, Garner testified that he fired after he saw McCorkle reach under his seat and come up with a gun. No other witness saw McCorkle with a gun that night. Police found a large BB pistol stuck under the driver's seat, but a sheriff's investigator testified that no one could reach the gun from the front seat because of the trash in the car. Another investigator who transported Garner to jail testified that Garner asked him if the guy was dead and then stated, "Man, I didn't mean to do it." After reviewing the evidence in the light most favorable to the jury's determination of guilt, we conclude that a rational trier of fact could have found Garner guilty of the crimes charged.[2]

2. Garner contends that the trial court erred in giving an incorrect jury charge on the issue of self-defense. We find no error because the trial court gave the instruction in response to the defendant's request[3] and thoroughly instructed the jury on Garner's justification defense.

3. Garner also alleges that the admission of his statements to the investigator who transported him to jail violated his Fifth Amendment privilege against self-incrimination and his Sixth Amendment right to counsel. The record shows that Garner initiated the conversation in the patrol car and the officer did not ask any questions. Since the record supports the trial court's ruling that Garner's statement was voluntary and not part of an interrogation, we conclude that the trial court did not err in admitting the statement into evidence.[4]

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 28, 1997.

*Stanley C. House,* for appellant.
*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney, Michael J. Bowers, Attorney General, Paula K. Smith, Senior Assistant Attorney General,* for appellee.

---

[2] *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).
[3] See *Solomon v. State,* 247 Ga. 27, 31 (277 SE2d 1) (1980).
[4] See *Smith v. State,* 264 Ga. 857, 859 (452 SE2d 494) (1995).