A97A1080. HUNLEY v. THE STATE.
(488 SE2d 716)

Judge Harold R. Banke.

Jennitha Hunley was convicted of aggravated assault. She enumerates two errors on appeal.

This case arose as the victim walked down the driveway at her boyfriend's mother's house. *Price v. State*, 222 Ga. App. 655, 657 (2) (475 SE2d 692) (1996) (evidence on appeal must be viewed in a light most favorable to the verdict). As a small crowd looked on, Hunley, who previously had a relationship with the victim's boyfriend, walked up to the victim and provoked a fight. During the ensuing struggle, the victim's chin and throat were cut. Hunley then dropped the weapon, a box cutter, and quickly walked away. *Held*:

1. Hunley contends that a fatal variance between the indictment and the jury charge on aggravated assault requires reversal. "It is

generally not error to charge an entire Code section even though part of that section may be inapplicable to the allegations and the evidence." *Perguson v. State*, 221 Ga. App. 212, 213 (1) (470 SE2d 909) (1996). "However, error arises if the indictment specifies the commission of a crime by only one of several methods possible under the statute and a reasonable probability exists that the jury convicted the defendant of committing the offense in a manner not charged in the indictment." *Levin v. State*, 222 Ga. App. 123, 126-127 (6) (473 SE2d 582) (1996).

The indictment charged Hunley with "unlawfully assault[ing] and cut[ting] . . . [the victim] with a box cutter, the same being a deadly weapon." The trial court charged OCGA § 16-5-21 in its entirety, as follows: "[a] person commits the offense of aggravated assault when that person assaults another person with intent to murder, rape, or rob; or with a deadly weapon or with any object, device, or instrument which, when used offensively against a person, is likely to, or actually does, result in serious bodily injury." The indictment was then sent into the jury room.

The instruction as given suggested that the jury could convict Hunley if it found she assaulted the victim either with a deadly weapon or with the intent to murder her. This is problematic because in contrast to the indictment's specific language, the record contains a modicum of evidence from which an intent to murder could be inferred — that after a struggle, Hunley cut the victim's chin and throat. Given the indictment, the charge, the evidence, and the absence of limiting instructions, we find the charge was erroneous. *Perguson*, 221 Ga. App. at 213 (1); compare *Diaz v. State*, 194 Ga. App. 577, 578 (2) (391 SE2d 140) (1990).

Under the limited circumstances of this case, however, reversal is not required. Hunley failed to object to the charge and failed to reserve objections or mention the error when the court asked for exceptions to the charge. *Early v. State*, 218 Ga. App. 869, 870 (1) (463 SE2d 706) (1995) (absent a substantial error which is harmful as a matter of law, failure to object to the charge constitutes waiver). After examining the charge in toto and in light of the overwhelming evidence supporting the conviction, we cannot say that the error was sufficiently prejudicial to deprive Hunley of a fair trial or have caused a gross miscarriage of justice. *Maynard v. State*, 171 Ga. App. 605, 606 (2) (320 SE2d 806) (1984); OCGA § 5-5-24 (c); *Foskey v. State*, 116 Ga. App. 334, 336 (2) (157 SE2d 314) (1967); compare *Levin*, 222 Ga. App. at 127 (6) (where record was replete with evidence supporting an intent to murder, the charges were numerous, the evidence complex, and the probability of jury confusion high). Therefore, Hunley's failure to preserve the error constituted waiver of the issue. *Gaines v. State*, 177 Ga. App. 795, 799 (1) (341 SE2d 252)

(1986) (physical precedent only).

2. Hunley maintains that the State shifted the burden of proof by questioning her about her evidence at trial and the absence of certain defense witnesses. However, she failed to specify what questions she found objectionable or provide record cites. See Court of Appeals Rule 27 (c) (3) (i). Having considered her entire cross-examination and found no objection on that ground, we find Hunley waived this alleged error.

*Judgment affirmed. Ruffin and Eldridge, JJ., concur.*

DECIDED JULY 10, 1997.

*James A. Elkins, Jr.*, for appellant.
*J. Gray Conger, District Attorney, George E. Lipscomb II, Assistant District Attorney*, for appellee.