## A98A2325. STANFORD v. THE STATE.
### (512 SE2d 708)

SMITH, Judge.

Jerome Stanford was convicted of arson in the first degree. His motion for new trial as amended was denied. Stanford appeals, enumerating as error the sufficiency of the evidence and a portion of the trial court's charge to the jury. We find no error and affirm.

1. Construed to uphold the jury's verdict, evidence was presented that LaKesha Weaver's apartment burned on May 13, 1996. Shortly after the fire was extinguished, Lieutenant Robert Walker, an arson investigator, determined that the fire was intentionally caused. He testified that all four burners on the kitchen stove had been turned on and a combustible material placed on top. It did not appear to Walker that anyone had attempted to cook on the stove, and no pots or pans had been placed on it. Before Walker entered the apartment to investigate the fire, he saw Stanford standing outside the building. Stanford explained to Walker that he had been staying nearby with another female, Washington. Although disputed by Weaver at trial, Walker testified that Weaver stated to him that Stanford had told her "he started the fire by turning the stove on." Weaver also provided a written statement that Stanford had told her he started the fire.

We also note the testimony of Washington, the female friend with whom Stanford was visiting on the night of the fire, that he left her apartment but returned shortly after the fire began. She testified that she saw Stanford outside her window running toward her apartment, and when he entered her apartment, he appeared excited. She stated that Stanford "was acting a little strange then, maybe because he was nervous." Stanford told Washington that Weaver's house was on fire and used her telephone to call Weaver's mother to report the fire to her.

Under OCGA § 16-7-60 (a) (1), an individual commits the offense of arson in the first degree, when he or she knowingly damages by fire "[a]ny dwelling house of another without his consent . . . whether it is occupied, unoccupied, or vacant." Stanford contends that because the indictment charged that he damaged "the property of the Columbus housing authority occupied by LaKesha Weaver," the State was required to introduce evidence that the building was indeed owned by the housing authority. But evidence showing that the damaged property was owned by the housing authority was not

necessarily required. "[L]awful occupancy by one in charge constitutes ownership as contemplated by the [arson] statute . . . , and the question of legal title is not involved." (Citations and punctuation omitted.) *Hufstetler v. State*, 171 Ga. App. 106, 109 (6) (319 SE2d 869) (1984). Thus, the "ownership" of the dwelling by the housing authority "was an unnecessarily minute description of an unnecessary fact alleged in the indictment and need not have been proved." Id.

Some evidence of Weaver's occupancy was shown. It is true that Weaver acknowledged on cross-examination that at the time of the fire, she had basically moved out of the apartment and had removed many of her belongings, and that Stanford was planning to live in the apartment while she and he "worked on getting back together." But she also testified that some of her possessions remained inside the apartment, including her child's winter coat and some toys, and that after the fire, she returned to the apartment to find Stanford "walking through *my* back door." (Emphasis supplied.) In addition, Stanford testified that Weaver and her children[1] were "going to be coming over [to the apartment] and staying." Some evidence of Weaver's occupancy was thus presented authorizing a rational trier of fact to find Stanford guilty of arson under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Stanford also contends the trial court erroneously charged the law applicable to first degree arson. The indictment charged him with unlawfully and knowingly damaging by fire a dwelling house without consent of the owner. See OCGA § 16-7-60 (a) (1). In its initial charge to the jury, however, the court charged OCGA § 16-7-60 (a) (5), which defines first degree arson as knowingly damaging by fire a dwelling "or other structure under such circumstances that it is reasonably foreseeable that human life might be endangered." At the conclusion of the charge, the State pointed out that the court should have charged on subsection (a) (1) as well and noted that they had "talked about that ahead of time." Defense counsel responded that although he "would have preferred one over the other," the subsection the court read to the jury was sufficient. He also stated that he "wouldn't want to bring [the jury] back and confuse them." Additionally, defense counsel stated that he "would have argued one or the other and you've given one of the two and that's sufficient. I think it would just cause more confusion on the jury's part to come back and recharge them with an additional piece of law." The court then recharged the jury, reading both subsections (a) (1) and (5).

Stanford argues that it is reversible error to charge an entire

---

[1] Stanford is the father of one of Weaver's children.

Code section "if a reasonable possibility exists that the jury may convict the defendant of committing the crime in a way not alleged in the indictment." *Perguson v. State*, 221 Ga. App. 212, 213 (1) (470 SE2d 909) (1996). We agree with Stanford that the charge was error. As in *Hunley v. State*, 227 Ga. App. 234, 235 (488 SE2d 716) (1997), at least a "modicum" of evidence was presented from which it could be inferred that the jury convicted Stanford of commission of a crime in a manner not charged in the indictment. Evidence was presented from which the jury could have concluded that Stanford knowingly damaged by fire a structure "under such circumstances that it is reasonably foreseeable that human life might be endangered," OCGA § 16-7-60 (a) (5), as the fire was started in an apartment building.

But also as in *Hunley*, under the "limited circumstances of this case," id. at 235, we conclude that reversal is not warranted, for Stanford acquiesced in the error.

During the charge conference, defense counsel requested that the trial court "[j]ust read the Code section on 16-7-60, I believe and then the part 4 would be appropriate. We don't need the second and third degree."[2] And as discussed above, when the State argued that the court should have charged subsection (a) (1) in addition to subsection (a) (5), defense counsel did express some reservation about the possibility of juror confusion if the jury were recharged, but he also stated that subsection (a) (5) was sufficient. As argued by the State, "[i]f it had been left to [Stanford's] counsel (a) (5) would have been the only subsection charged to the jury." Under these facts, because defense counsel actively participated in the framing of the charge and approved the portion of the charge now complained of, we conclude that Stanford acquiesced in the charge as given by the trial court. He therefore cannot complain on appeal that the trial judge included subsection (a) (5) in its corrected charge. See generally *Garner v. State*, 267 Ga. 884, 885 (2) (485 SE2d 729) (1997); *Boone v. State*, 229 Ga. App. 379, 381 (4) (494 SE2d 100) (1997).

*Judgment affirmed. Johnson, C. J., and Barnes, J., concur.*

DECIDED FEBRUARY 22, 1999.

*William J. Mason*, for appellant.

---

[2] It appears that in referring to "Part 4," defense counsel was referring to the burden on the State in arson cases and the presumption that every fire is accidentally or naturally caused, as set out in the pattern jury instructions on arson approved by the Council of Superior Court Judges of Georgia. See Council of Superior Court Judges, Suggested Pattern Jury Instructions, Vol. II: Criminal Cases, p. 98 (2nd ed.).

*J. Gray Conger, District Attorney, Neal J. Callahan, Assistant District Attorney*, for appellee.