## S01A1190. STANFORD v. STEWART.
### (554 SE2d 480)

THOMPSON, Justice.

We granted Jerome Stanford a certificate of probable cause to appeal from the denial of his petition for writ of habeas corpus. Because Stanford has demonstrated that he received ineffective assistance of counsel, both at trial and on appeal, we reverse.

A jury convicted Stanford of one count of arson in the first degree based on evidence that he intentionally set fire to the apartment residence of his girlfriend. His conviction was affirmed by the Court of Appeals. *Stanford v. State*, 236 Ga. App. 597 (512 SE2d 708) (1999). Stanford sought a writ of habeas corpus in the Superior Court of Wheeler County, claiming that trial counsel was ineffective in failing to properly preserve an objection to an incorrect jury instruction; and that appellate counsel was deficient in failing to assert trial counsel's ineffectiveness on appeal. The habeas court denied the requested relief. We granted review and inquired as follows: Whether the habeas court committed reversible error in failing to consider petitioner's claims of ineffective trial and appellate counsel under the standards set forth in *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984) and *Battles v. Chapman*, 269 Ga. 702 (506 SE2d 838) (1998); and whether application of those standards mandates that the writ of habeas corpus be granted. Because we conclude that Stanford's claims are meritorious, we reverse.

*Ineffective assistance of trial counsel*

1. The indictment charged Stanford with arson in the first degree in the language of OCGA § 16-7-60 (a) (1), in that he "did unlawfully and knowingly damage by means of fire a dwelling house . . . occupied by Lakeisha Weaver . . . without the consent of . . . the owner." The evidence at trial established that Stanford started the fire in Weaver's apartment in a multi-unit apartment complex by igniting a combustible material on the kitchen stove. *Stanford*, supra

at 597 (1). It was also established that other tenants were displaced from their apartments during the fire. The prosecutor argued in closing that the crime endangered other occupants of the complex as well as responding emergency personnel.

Initially, the trial court instructed the jury under OCGA § 16-7-60 (a) (5) of the arson statute, which proscribes setting fire to a building "under such circumstances that it is reasonably foreseeable that human life might be in danger," a manner not charged in the indictment. When asked for exceptions to the charge, the prosecutor suggested that the language of subsection (a) (1) should have been charged, in addition to (a) (5). Stanford's trial counsel responded that *either* subsection is applicable, and since the court had already charged on (a) (5), "I think that's sufficient. I wouldn't want to bring them back and confuse them" with an additional charge. *Stanford,* supra at 598 (2). Nonetheless, the jury was returned to the courtroom, and a charge was given in the language of subsection (a) (1). In addition, the provisions of (a) (5) were recharged, and the jury was told to consider the *entire* charge on arson. Stanford's counsel voiced no specific objection to the charge as given, although he did reserve his right to object at a later date.

In his petition for writ of habeas corpus, Stanford claimed that trial counsel was ineffective in acquiescing to and failing to preserve objections to the erroneous charge. The habeas court acknowledged that had trial counsel properly challenged the erroneous charge and moved for a mistrial, Stanford would have received a new trial. However, the court concluded, "the mere fact that trial counsel's error deprived the petitioner of a sentencing determination by 12 different jurors does not show that petitioner suffered prejudice or that a different verdict would have been reached." Finally, the court concluded that petitioner "failed to carry his burden of showing that had trial counsel's 'error' not occurred, a different *ultimate* result would have been obtained." (Emphasis supplied.)

The standard for assessing whether trial counsel rendered constitutionally effective assistance is set out in *Strickland,* and adopted by this Court in *Smith v. Francis,* 253 Ga. 782 (1) (325 SE2d 362) (1985). Under *Strickland,* a criminal defendant must show both that his counsel's performance was deficient, and but for counsel's unprofessional errors, there is a reasonable probability that the outcome of the trial would have been different. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U. S. at 694.

The court did not expressly assess whether counsel's performance was deficient under the first prong of *Strickland*; however, it did determine that Stanford would have been successful in obtaining a new trial had trial counsel properly preserved a challenge to the

erroneous jury instruction. Thus, implicitly, the habeas court determined that trial counsel's performance fell below an objective standard of reasonableness in failing to challenge what amounted to reversible error by the trial court. This is also borne out by trial counsel's testimony at the habeas hearing that he was aware of the error in the jury charge, but that he thought he had preserved the issue for appeal by reserving objections.

As for the prejudice prong of *Strickland*, the habeas court applied an incorrect standard. The correct inquiry is whether "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U. S. at 694. Although the habeas court acknowledged that Stanford would have been entitled to a retrial had counsel properly preserved the charging error, it nevertheless declined to find prejudice. In so doing, the court concluded that Stanford failed to carry his burden of showing that but for the error, "a different *ultimate* result would have been obtained," i.e., that a retrial would not necessarily result in acquittal. As stated above, *Strickland* does not demand such a showing. Under the correct *Strickland* analysis, Stanford established both that his trial counsel was deficient and that there is a reasonable probability that counsel's error prejudiced the defense. Where both prongs of *Strickland* are satisfied, a petitioner has overcome the procedural bar of OCGA § 9-14-48 (d). *Turpin v. Todd*, 268 Ga. 820 (2) (493 SE2d 900) (1997).

### Ineffective assistance of appellate counsel

2. Stanford was represented by new counsel on appeal. Appellate counsel asserted error with respect to the inclusion of subsection (a) (5) in the arson charge, but he did not include a claim of ineffective assistance of trial counsel on appeal. The Court of Appeals determined that the charge was erroneous because there was some evidence offered at trial from which it could be inferred that the jury convicted Stanford of commission of a crime in a manner not charged in the indictment.[1] *Stanford*, supra at 598 (2). However, the Court of Appeals concluded that the issue was procedurally defaulted because trial counsel had participated in framing the erroneous charge and had acquiesced in the charge as given. Id.

To establish ineffective assistance of appellate counsel, Stanford

---

[1] See *Crowder v. State*, 241 Ga. App. 818, 821 (3) (b) (527 SE2d 901) (2000) (error to charge that an offense may be committed in more than one manner when only one manner is alleged in the indictment, and facts in evidence raise a reasonable probability that the jury may have convicted the defendant of committing the offense in a manner not charged in the indictment).

was also required to satisfy both prongs of *Strickland*: that appellate counsel was deficient in failing to raise the issue and that the deficiency prejudiced the defense. *Sloan v. Sanders*, 271 Ga. 299 (519 SE2d 219) (1999); *Battles v. Chapman*, supra at 702 (1). In evaluating such a claim, we apply the test established in *Battles*, supra.

> [T]he reviewing court should resolve whether the decision was a reasonable tactical move which any competent attorney in the same situation would have made, by comparing the strength of the errors raised against the significance and obviousness of the alleged error passed over.

*Id.* at 705. When asked at the habeas hearing why he did not assert a claim of ineffective assistance of trial counsel on appeal, appellate counsel testified he believed trial counsel had preserved objections to the arson charge by reserving the right to raise additional objections. Thus, the failure to raise the claim "was not a tactical decision that is presumptively correct." *Sloan*, supra at 300. While appellate counsel recognized the significance of the charging error and attempted to obtain a new trial on that basis, he failed to perceive that the issue was procedurally defaulted and that the proper vehicle to bring it before the appellate court was through a claim of ineffective assistance of trial counsel. No reasonably effective appellate counsel would have failed to recognize that the charging error was not preserved for review. The prejudice to Stanford is obvious. As both the Court of Appeals and the habeas court recognized, the error, if preserved, would have mandated a new trial.

Because the record demonstrates that trial counsel was deficient and that deficiency deprived Stanford of the substantial right to be tried only on the charges for which he was indicted, and that no reasonably effective appellate counsel would have failed to assert this issue on appeal, Stanford was denied effective assistance of appellate counsel under *Battles*.

*Judgment reversed. All the Justices concur.*

DECIDED NOVEMBER 5, 2001.

*Marcus C. Chamblee*, for appellant.

*W. Dennis Mullis, Thurbert E. Baker, Attorney General, Ruth M. Bebko, Assistant Attorney General*, for appellee.