A02A1942. WATERS v. THE STATE.
(576 SE2d 651)

BARNES, Judge.

Rongeio Demetrius Waters appeals his conviction of aggravated assault with the intent to rob. He contends the trial court erred by

charging the jury on an offense not included in the indictment because the charge included a definition of the word "assault." See *Hunley v. State*, 227 Ga. App. 234, 235 (1) (488 SE2d 716) (1997).

The transcript shows that during the course of charging on aggravated assault, the trial court first explained to the jury that an "assault is an attempt to commit a violent injury to the person of another or an act which places another person in reasonable apprehension of immediately receiving a violent injury," and then went on to explain the other terms associated with an aggravated assault. Waters alleges that the trial court erred by doing so because it is error to charge on a method of committing a crime that is not charged in the indictment. The complete statement of the law from *Hunley*, supra, is that "error arises if the indictment specifies the commission of a crime by only one of several methods possible under the statute and a reasonable probability exists that the jury convicted the defendant of committing the offense in a manner not charged in the indictment. [Cit.]" Id. at 235.

While this is an accurate statement of the law, it is inapplicable in this case because the charge on "aggravated assault necessarily included the elements of simple assault." *Ross v. State*, 268 Ga. 122, 125 (6) (485 SE2d 780) (1997), overruled on other grounds, *Bishop v. State*, 271 Ga. 291-292 (2) (519 SE2d 206) (1999). Thus, "[c]ontrary to [Waters's] contention, the 'assault' charge did not present an improper basis on which jurors could convict him of aggravated assault. Rather, assault is a lesser included offense of aggravated assault." *Marsh v. State*, 254 Ga. App. 342, 344 (2) (a) (562 SE2d 269) (2002). Accordingly, we find no error.

*Judgment affirmed. Ruffin, P. J., and Adams, J., concur.*

DECIDED JANUARY 22, 2003.

*James W. Bradley*, for appellant.
*Robert E. Keller, District Attorney, Lalaine A. Briones, Assistant District Attorney*, for appellee.