### 49125. DUNPHY v. THE STATE.

STOLZ, Judge.

Dunphy appeals from the overruling of his motion for new trial following his conviction by a jury of the offense of theft by deception (Code Ann. § 26-1803). The evidence showed that Dunphy wrote a worthless $20,000 check (Check A) to purchase an option on real property, and subsequently "covered" the check by depositing into the bank account on which it was drawn a worthless check for some $21,000 (Check B) drawn by one Hogg. Although Dunphy denied that he intended that Check B should ultimately be worthless, he admitted knowing at the time it was deposited that Hogg had at that time insufficient funds to cover it. His testimony was that he anticipated that Hogg would rapidly acquire and deposit covering funds. Hogg testified that he told Dunphy the check was not good. The bank honored Check A, drawn on it, which came in for payment the same day Check B was deposited, and the purchase by Dunphy of the real estate option was completed. Check B was subsequently dishonored. The jury sentenced Dunphy to one year with a recommendation of misdemeanor punishment. *Held:*

1. The evidence was ample to support the verdict, and Enumeration 1, urging the general grounds, is without merit.

2. Enumeration 2 argues that the charge of the language of Code Ann. § 26-1803(c) was error because not adjusted to the evidence and because it constituted an expression of opinion on the part of the trial judge. The charge was proper and the enumeration is without merit.

3. Deciding Enumeration 3, there was no error in the trial judge's charging the jury on the definition contained in Code Ann. § 26-1801 (a) of "deprive," because the statute under which Dunphy was charged forbade

obtaining property by deceitful means "with the intention of *depriving* the owner of said property." Code Ann. § 26-1803. (Emphasis supplied.)

4. Enumeration 4 alleges error in the trial judge's charging on punishment for theft by deception, then further charging that the jury could recommend misdemeanor punishment, and instructing the jury that they could not consider the question of punishment during the guilt-determination phase. There is no merit in this enumeration; contrary to Dunphy's contentions, the charge may not reasonably be taken to be misleading or confusing or as an invitation to the jury to convict.

5. Enumeration 5 complains of the trial judge's failure to give eight charges to the jury requested by the appellant. The trial transcript shows that, prior to charging the jury, the judge informed Dunphy's attorney that he thought his own charge would cover the eight principles. In a discussion following the charge, the attorney acquiesced in the judge's not having given the first seven requests, specifically stating that he felt that the judge's charge had covered them "in your language which probably would come up to the standards of law." Having specifically acquiesced in the trial judge's action, the appellant may not now complain of the failure to give the charges. *Irvin v. Oliver,* 223 Ga. 193, 195-196 (154 SE2d 217). The record shows, however, that Dunphy's attorney took exception to the failure to give another requested charge to the effect that guilt is not to be presumed from the fact that an indictment has been returned; innocence should be presumed until the defendant has been proved guilty beyond a reasonable doubt; the state has the burden of proof; and the jurors must vote their own convictions. The thrust of this charge was adequately covered by the trial judge in the charges actually given, and there was no error in refusing this request.

6. The state's motion to dismiss this criminal appeal for failure of the appellant's counsel to include in his brief a copy of his enumeration of errors, is denied. The portion of our Rule 19 (a)(2) requiring a copy of the enumeration to be included in the brief, is solely for the court's convenience.

*Judgment affirmed. Deen and Webb., JJ., concur.*

SUBMITTED MARCH 5, 1974 — DECIDED APRIL 5, 1974 —
REHEARING DENIED APRIL 18, 1974 — 

*Margaret Hopkins, James R. Venable,* for appellant.
*George W. Darden, District Attorney, P. Samuel Huff,* for appellee.