## 57931. McKNIGHT v. THE STATE.

SHULMAN, Judge.

After the trial court determined that appellant had broken a condition of his probation by violating a state law, that court ordered the revocation of the balance of appellant's probated sentence. We affirm.

1. We cannot agree with appellant's contention that the revocation was not authorized by the evidence. At the revocation hearing, evidence was adduced that appellant negotiated two checks with knowledge that sufficient funds were not available in the drawer's account to cover the checks. The checks were drawn by one Melvin Ward and payable to appellant. Evidence was also presented that Ward and appellant split the proceeds of the checks.

The evidentiary showing of theft by deception was sufficient to authorize the revocation of appellant's probation. Cf. *Dunphy v. State,* 131 Ga. App. 615 (1) (206 SE2d 524). As to the quantum of evidence necessary to revoke probation, see *Johnson v. State,* 142 Ga. App. 124 (1) (235 SE2d 550), affd. 240 Ga. 526 (242 SE2d 53).

2. Appellant's constitutional attack challenging the "slight evidence" standard utilized in revocation

proceedings on due process grounds was not raised in the trial court and is not properly before this court on appeal. *Blaylock v. State,* 88 Ga. App. 880 (6) (78 SE2d 537).

*Judgment affirmed. Deen, C. J., and Carley, J., concur.*

SUBMITTED MAY 29, 1979 — DECIDED
SEPTEMBER 4, 1979.

*John P. Howell,* for appellant.
*J. W. Morgan, District Attorney,* for appellee.