'A99A1401. DIAZ v. THE STATE.
(522 SE2d 242)

MILLER, Judge.

Following a jury trial, Juan Diaz was convicted of two counts of selling marijuana and one count of possession of marijuana with intent to distribute. On appeal he challenges the admission of the videotape of the drug transactions, the failure to issue several jury charges, and the sufficiency of the evidence. Diaz also contends the trial court erred by allowing the prosecution to attack his character in closing argument. We affirm.

1. Diaz challenges the admission of the videotaped sale of marijuana recorded by McClelland, an undercover informant. He contends the prosecution did not lay the proper foundation to admit the videotape and that it was not authenticated. McClelland testified he used the videocamera to record the transactions and that he viewed the videotape prior to trial. He further testified that he was familiar with how the camera operated,.that it was working properly, and that the videotape was a fair and accurate representation of the events that took place during the drug buy. This testimony established a foundation and properly authenticated the videotape. *Gantt v. State*, 229 Ga. App. 207, 208 (1) (493 SE2d 608) (1997). The trial court overruled Diaz's objection which implies a finding that the foundation witness was credible. *Dunn v. State*, 218 Ga. App. 329, 330 (461 SE2d 294) (1995). This finding is not clearly erroneous.

2. Diaz contends the trial court erred in failing to give specific jury charges. However, following the court's instructions to the jury, the court asked for any objections, to which Diaz's counsel replied that he had none. Counsel's failure to object to the jury charge as given constitutes a waiver of any objection on appeal. *Russell v. State*, 264 Ga. 121, 122 (3) (441 SE2d 750) (1994); *Medina v. State*, 234 Ga. App. 13, 15-16 (2) (505 SE2d 558) (1998).

An exception to this waiver arises when there has been some substantial error in the jury charge which was harmful to the defendant as a matter of law, depriving him of a fair trial, regardless of whether an objection was made. OCGA § 5-5-24 (c); *Medina*, supra. Here we find no substantial error. Diaz contends that the jury should have been charged on the contingency fee arrangement of the witness. The court in fact gave this charge in substance, which cures any problem. See *Anderson v. State*, 231 Ga. App. 807, 811 (3) (b) (499 SE2d 717) (1998). Diaz also claims that the jury should have been charged regarding the law of immunity or leniency, but the court correctly found no evidence of either. The court was also correct in refusing to charge the jury on impeachment since no witnesses were impeached. Finally, Diaz maintains that the jury should have been charged on the law of identification. The court dismissed this

request, explaining that nothing contradicted the testimony that the person on the videotape was Diaz. "If any portion of a requested charge is inapt, incorrect, misleading, confusing, not adequately adjusted or tailored, or not reasonably raised or authorized by the evidence, denial of the charge request is proper. [Cits.]" *Harris v. State*, 202 Ga. App. 618, 621 (4) (c) (414 SE2d 919) (1992).

3. Diaz contends that the prosecution's closing argument challenged his truthfulness and character. But Diaz failed to provide a transcript of the closing arguments showing any impermissible statements or showing that he objected to such statements. Review is precluded. *Campbell v. State*, 269 Ga. 186, 188 (11) (496 SE2d 724) (1998); *Hand v. State*, 206 Ga. App. 501, 503-504 (5) (426 SE2d 18) (1992).

4. Diaz urges that because of insufficient evidence, the denial of his motion for directed verdict was error. The standard of review is whether, in reviewing the evidence in the light most favorable to the prosecution, a rational trier of fact could find Diaz guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); see *Humphrey v. State*, 252 Ga. 525, 527 (1) (314 SE2d 436) (1984).

Eyewitness testimony and a videotape showed that Diaz, on two separate occasions, sold marijuana to McClelland. Additionally, a sheriff's deputy testified that in executing a search warrant of Diaz's home, he found a jar containing marijuana in a closet. The evidence sufficed to sustain the convictions. *Jackson*, supra.

*Judgment affirmed. Barnes and Ellington, JJ., concur.*

DECIDED SEPTEMBER 2, 1999.

*Douglas C. Rogers*, for appellant.
*J. David Miller, District Attorney, Wesley J. Lewis, A. Scott Gunn, Assistant District Attorneys*, for appellee.