## A01A0420. LEE v. THE STATE.
(550 SE2d 696)

RUFFIN, Judge.

A jury found Van Buren Lee guilty of child molestation. Lee appeals, challenging the sufficiency of the evidence and the trial court's admission of similar transaction evidence. For reasons that follow, we affirm.

1. In reviewing Lee's challenge to the sufficiency of the evidence, we do not weigh the evidence or determine witness credibility.[1] Instead, we review the evidence presented at trial in the light most favorable to support the jury's verdict and determine whether this evidence is sufficient to authorize a rational trier of fact to find Lee guilty of child molestation beyond a reasonable doubt.[2]

Viewed in this manner, the evidence shows that the victim was Lee's 13-year-old stepdaughter. The incident occurred on the afternoon of March 28, 1997, when the victim was at home in the kitchen. The victim's mother was away at work, and Lee went into the kitchen and "fondled" the victim's buttocks. The victim immediately tried to call her mother to report the incident, but when she attempted to dial the number, Lee disconnected the telephone. At the next opportunity, the victim called her mother's pager and left a message that there was an emergency. When the mother called the house, Lee answered the phone. Initially, Lee would not allow the victim to speak with her mother, but he eventually relented when the mother demanded to speak with her daughter. The victim told her mother what happened, and the mother went home.

---

[9] See *Hurley v. State*, 247 Ga. App. 582, 583-584 (544 SE2d 508) (2001).
[1] See *Russell v. State*, 230 Ga. App. 546, 549 (4) (497 SE2d 36) (1998).
[2] See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

When the mother arrived home, she immediately contacted a psychologist, Dr. Mary Chestnut, and scheduled a counseling session for the family later that day. The mother, the victim, and Lee all attended the session with Dr. Chestnut. According to Dr. Chestnut, during the session the victim appeared "quite sad" and "repeatedly stuck with her story that [Lee] had fondled her." Although Lee denied the charge, he agreed to temporarily leave the home and to meet with Dr. Chestnut again. Dr. Chestnut testified that when she met with Lee a few days later, "he admitted that he had been very inappropriate with the girl . . . and was going to look into treatment." Dr. Chestnut further testified that the mother informed her of a prior incident in which the mother saw Lee lying on the floor peeking under the bathroom door while the victim was in the bathroom.

Dr. Chestnut reported the incident to Michelle Garcia of the Department of Family & Children Services, who in turn notified Officer Gilbert Padilla of the Crimes Against Children Unit of the Cobb County Police Department. Garcia and Padilla arranged to jointly interview the victim at her school. During the interview, the victim repeated her story that Lee had fondled her buttocks and further informed Garcia and Padilla that Lee had previously exhibited inappropriate sexual conduct toward her. According to Garcia and Padilla, the victim told them that on other occasions, Lee inappropriately touched her and exposed his penis to her and that she had awakened to find Lee looking at her buttocks.

The victim, who was 15 years old at the time of trial, testified and recanted her accusation that Lee had fondled her buttocks, stating that she "made up [the] story." The victim further stated that she did not remember telling Garcia and Padilla about Lee's prior inappropriate conduct. A child abuse expert testified that such recantation is characteristic of child abuse accommodation syndrome and that victims often abandon their claims when confronted by the reality that the family is breaking up, that the accused is going to jail, or that family members do not believe their story.

Finally, the state presented evidence of a similar transaction involving Lee that occurred in Texas on February 28, 1980. The evidence showed that Lee exposed his penis to a nine-year-old girl while she was walking to school. As a consequence of the Texas conduct, Lee was convicted of indecency with a child.

On appeal, Lee presents various reasons why certain testimony is incredible and other testimony, most notably the victim's recantation, should be believed. He concludes that the victim's in-court testimony was the only "competent evidence" presented at trial and that his conviction should therefore be reversed. Such matters, however, were for the jury to resolve, and the jury was authorized to believe

the victim's pre-trial statements rather than her in-court disavowal.[3] Accordingly, the evidence was sufficient to authorize a rational trier of fact to find Lee guilty of child molestation beyond a reasonable doubt.[4]

2. Lee also asserts that the trial court erred in admitting evidence of his 1980 conviction for indecency with a child. According to Lee, the court should have excluded the evidence because the victim of the prior act could not identify him as the perpetrator and because the similar transaction occurred 17 years before the molestation in this case. We disagree.

At trial, both the victim of the prior act and the officer investigating the act testified that, shortly after the offense, the victim positively identified Lee as the perpetrator in a photographic lineup. In addition, the prior act victim testified that she positively identified Lee at his trial for the earlier offense. Finally, the state introduced a certified copy of Lee's conviction which clearly identifies him as the accused. In light of such overwhelming evidence identifying Lee as the perpetrator of the prior offense, the fact that the victim of that offense was no longer able to recognize Lee at the trial of this case did not render the evidence inadmissible.

Furthermore, Lee's argument that the prior act was too remote in time goes to the weight and credibility of the evidence and not its admissibility.[5] Although an act which occurred 31 years in the past has been deemed too remote to be admissible as a similar transaction,[6] we have held that lapses of 19 years,[7] 18 years,[8] and 15 years[9] did not render the evidence inadmissible. Because the prior act evidence in this case was otherwise admissible, we conclude that the lapse of 17 years between the offenses did not require the trial court to exclude the evidence.

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED JUNE 18, 2001.

*Elaine T. McGruder*, for appellant.

---

[3] See *Usher v. State*, 236 Ga. App. 663, 665 (1) (512 SE2d 380) (1999) (ruling that a jury may choose to believe a prior inconsistent statement, which is admissible as substantive evidence).

[4] See *Shelnutt v. State*, 234 Ga. App. 655, 656-657 (2) (506 SE2d 643) (1998).

[5] See *Turner v. State*, 245 Ga. App. 294 (2) (536 SE2d 814) (2000).

[6] See *Gilstrap v. State*, 261 Ga. 798, 799 (1) (b) (410 SE2d 423) (1991).

[7] See *Cooper v. State*, 173 Ga. App. 254, 255 (1) (325 SE2d 877) (1985).

[8] See *Godbey v. State*, 241 Ga. App. 529, 530 (1) (526 SE2d 415) (1999) (physical precedent only).

[9] See *Braddock v. State*, 208 Ga. App. 843, 844 (2) (432 SE2d 264) (1993).

*Patrick H. Head, District Attorney, Dana J. Norman, Assistant District Attorney*, for appellee.