## A02A0155. MOBLEY v. THE STATE.
(564 SE2d 851)

JOHNSON, Presiding Judge.

A jury found Tommy Lee Mobley guilty of statutory rape, child molestation and aggravated child molestation for offenses committed against his 11-year-old stepdaughter. On appeal, he challenges the sufficiency of the evidence to support the verdict, and he argues that the trial court erred in admitting a videotaped statement of the victim without a proper foundation. Because the evidence and the foundation were sufficient, we affirm the convictions.

On appeal, the defendant no longer enjoys a presumption of innocence; moreover, this Court views the evidence in a light most favorable to the verdict and does not weigh the evidence or determine witness credibility, but only determines if the evidence is sufficient under the standard of *Jackson v. Virginia*.[1]

Viewed in this light, the evidence shows the following. Mobley and the victim's mother married when the victim was about three years old. The victim testified that one morning, when she was about eleven years old, Mobley came into the family's living room as she slept on the sofa. He fondled her genitals and inserted an object which resembled a penis into her vagina. The victim's 17-year-old sister walked into the living room, and Mobley fled into another room. After the sister left the living room, Mobley returned, removed his pants, climbed on top of the victim and inserted his penis into her vagina.

Later that day, the victim's sister asked the victim why the sofa was squeaking earlier. At first the victim replied that she did not know. The sister asked the victim if Mobley had been "messing with" her. The victim told her that he had been. The victim also testified that Mobley had made her perform oral sex on him and that he had been doing that "a long time." The sister told the grandmother, and

---

[1] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Banks v. State*, 250 Ga. App. 728 (552 SE2d 903) (2001).

the child was taken to the hospital for evaluation. The examining physician testified that her physical findings were consistent with a child having been sexually abused over a long period of time and that the child's hymen had experienced repeated trauma "over and over" again.

The victim's sister testified that, on the morning in question, she heard the living room sofa squeaking "like somebody was having sex." She walked into the living room and saw that her sister, who was on the sofa, was not wearing pants. She told the victim to put on some pants and went back into her bedroom. A short time later, the sister asked if Mobley had been "trying to mess with" her. The victim replied that he had been, and the sister reported it to their grandmother, who was outside. The grandmother went inside and confronted Mobley, who denied the victim's accusations but then remarked to the victim: "tell your grandmama how many times you sat in my lap and begged me to play with you."

1. Mobley contends the evidence was not sufficient to support the verdict because the victim and her sister were not credible. Specifically, he claims that the victim's sister was not credible because she did nothing when she heard the sofa squeaking, and the victim had on a shirt and underwear when the sister walked into the living room. Mobley complains that the victim was not credible inasmuch as her parents had been having problems with her being dishonest and disobedient. He points out that the victim was angry at him that day because he had made her do household chores. However, the credibility of witnesses and the weight to be given their testimony are questions for the trier of fact.[2] Although Mobley does not deem the victim's or her sister's testimony credible, the jury did.[3] The jury could reasonably infer from the evidence that the offenses occurred as charged beyond a reasonable doubt.[4]

2. Mobley complains that the trial court permitted the state to introduce into evidence a videotaped interview of the victim when the state failed to present expert testimony establishing that the videotape had not been altered or manipulated. According to Mobley, such expert testimony is required by the "silent witness rule" set out in *State v. Berky*,[5] which requires authentication of a videotape where no witness is available to testify. This enumeration presents no grounds for reversal.

---

[2] *McIntosh v. State*, 247 Ga. App. 640, 641 (1) (545 SE2d 61) (2001).
[3] See id.
[4] See *Lee v. State*, 250 Ga. App. 110, 112 (1) (550 SE2d 696) (2001).
[5] 214 Ga. App. 174 (447 SE2d 147) (1994); see note 8, infra.

First, Mobley's only objection at trial to the admission of the videotape was that the state failed to establish the chain of custody.[6] Because the ground urged on appeal, namely the state's alleged error in failing to provide expert testimony that the tape had not been altered or manipulated, is not the same as that urged below, it may not be considered for the first time on appeal.[7]

Second, even if the issue was preserved, the *Berky* decision would not require a reversal in this case. Aside from the fact that the *Berky* decision was vacated in 1995,[8] and that its "silent witness" theory was implicitly rejected by the Georgia legislature shortly thereafter,[9] expert testimony would not have been required here because a witness with personal knowledge of the videotape was available.

A videotape is admissible where the operator of the machine which produced it, or one who personally witnessed the events recorded, testifies that the videotape accurately portrayed what the witness saw take place at the time the events occurred.[10] The social worker who conducted the videotaped interview was available and gave the required testimony. The foundation was adequate.[11]

*Judgment affirmed. Miller, J., concurs. Blackburn, C. J., concurs in judgment only.*

DECIDED MAY 6, 2002.

*Sullivan & Sturdivant, Harold A. Sturdivant, Michele W. Ogletree*, for appellant.

*William T. McBroom III, District Attorney, Daniel A. Hiatt, Assistant District Attorney*, for appellee.

---

[6] We note that the chain of custody requirement does not apply to distinct and recognizable physical objects that can be identified upon observation, such as videotapes. *Gadson v. State*, 263 Ga. 626, 627 (2) (437 SE2d 313) (1993).

[7] See *Leatherwood v. State*, 212 Ga. App. 342, 344 (5) (441 SE2d 813) (1994).

[8] *Berky v. State*, 266 Ga. 28 (463 SE2d 891) (1995) (vacating *State v. Berky*, 214 Ga. App. 174, on grounds that the state had no authority to appeal in that case).

[9] See discussion in *Phagan v. State*, 268 Ga. 272, 280-281 (5) (486 SE2d 876) (1997).

[10] Id. at 281 (5).

[11] See *Diaz v. State*, 239 Ga. App. 795 (1) (522 SE2d 242) (1999).