A03A0601. THOMAS v. THE STATE.
(580 SE2d 665)

MILLER, Judge.

Following a jury trial, Lewis Thomas was convicted of felony theft by shoplifting. On appeal he contends that the evidence at trial was insufficient to sustain his conviction. We hold that the evidence was sufficient and affirm.

Viewed in the light most favorable to the verdict, the evidence reveals that a man walked into a store while carrying a box. A witness saw the man placing packages of cigarettes into the box as he moved about the store, and store security cameras recorded the incident as well. A store employee identified Thomas at trial as the man who was placing cigarettes into the box. The man exited the store without paying for the cigarettes (valued at over $650), got into a car with a companion, and drove away. Another store employee called police and gave a description of the car tag and of the car in which the men had departed.

Police issued a "be on the lookout" bulletin for the car and its two occupants. An officer found the car parked at a convenience store and discovered Thomas in the store with a box full of cigarettes next to him. Thomas fled when confronted by police but was later found at a nearby house and arrested.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998). We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

Here Thomas was positively identified as the man who placed cigarettes into a box and exited the store without paying for them. Thomas has directed his arguments attacking the credibility of the witnesses and the inconclusive nature of the videotape showing the shoplifting incident to the wrong forum, as we do not weigh the evidence or determine the credibility of witnesses on appeal. The eyewitness evidence connecting Thomas to the crime at issue, as well as Thomas's attempt to flee upon being confronted by the police (see, e.g., *Agony v. State*, 226 Ga. App. 330, 331 (2) (486 SE2d 625) (1997); see also *Scott v. State*, 234 Ga. App. 378, 380 (3) (506 SE2d 880) (1998)), more than sufficed to sustain the conviction. See OCGA § 16-8-14 (a) (1), (b) (2).

*Judgment affirmed. Smith, C. J., and Ruffin, P. J., concur.*

DECIDED APRIL 3, 2003.

*Billy M. Grantham*, for appellant.

*J. Brown Moseley, District Attorney, Charles M. Stines, Assistant District Attorney*, for appellee.