## A03A1402. LESTER v. THE STATE.
(586 SE2d 408)

MIKELL, Judge.

Henry Lamar Lester was charged with malice murder. A Bulloch County jury convicted him of the lesser included offense of voluntary manslaughter. On appeal, Lester argues that he is entitled to a new trial for three reasons: (1) the trial court's charges on malice and intent to kill were erroneous; (2) the state utilized hearsay to bolster the testimony of a witness; and (3) the trial court erroneously admitted inadmissible hearsay evidence regarding his medical treatment. For reasons discussed below, we affirm.

"On appeal from a criminal conviction, the evidence must be construed in the light most favorable to the verdict, and the appellant no longer enjoys a presumption of innocence."[1] So viewed, the evidence shows that on October 14, 1996, Lester was living in an apartment at the Pine Trace Motel and the victim, Jesse McGrady, was Lester's next-door neighbor. One witness testified that earlier that evening, Lester was fussing at McGrady about repairing his sink.[2] McGrady did not argue back but reminded Lester that he was using McGrady's hot plate. Lester then asked if McGrady wanted his hot plate, then threw the hot plate out of his apartment door onto the concrete. McGrady retrieved the hot plate and returned to his apartment.

The witness testified that Lester then knocked on McGrady's door and when McGrady answered, Lester said, "I'm Peter Wheatstraw, the devil's son-in-law. M—— F——, ain't you ready to die? I'm gonna to [sic] kill you." Moments later, McGrady went down to the hotel office, and Lester followed. The witness testified that 15 minutes later, Lester returned bragging that he had "f—— that M—— F—— up." The witness also testified that Lester talked as if he had intentionally killed McGrady. Two other witnesses, who were also neighbors of the victim and the defendant, testified that they heard Lester and McGrady arguing about the hot plate and Lester's comment that he was going to kill McGrady. One of them also testified that she heard Lester comment that "I got that m—— f——" after he returned from the front office.

---

[1] (Citation and punctuation omitted.) *Hutchinson v. State,* 232 Ga. App. 368, 369 (501 SE2d 873) (1998).

[2] McGrady did small jobs around the building in exchange for a reduction in his rent.

Harold Hodges was working in the front office on the evening in question when Lester came into the office and asked him to call 911 because McGrady had kicked his door. When Hodges refused his request, Lester grabbed Hodges's phone. McGrady walked into the office and told Lester to return the phone to Hodges. When Lester did not return the phone, McGrady took it from him and placed it on the counter, at which point Lester hit McGrady and threatened to kill him. The men fought, and as Hodges tried to call 911, he noticed that Lester ran from the room and that McGrady had been stabbed in the chest.

The associate medical examiner testified that the stab wound to McGrady's chest was fatal and that McGrady sustained another stab wound and several cuts. Lester testified that he stabbed McGrady in self-defense, after McGrady assaulted him.

1. In his first enumerated error, Lester argues that instructing the jury that the intent to kill may be inferred from the use of a deadly weapon was erroneous[3] and that even though the error was not preserved for review, it is a fundamental error, warranting our consideration.

It is well settled that the failure to object to the charge constitutes waiver of the objection on appeal.[4] However, where there has been a substantial error in the charge which was harmful as a matter of law, depriving the defendant of a fair trial, we must consider and review the charge regardless of whether an objection was made.[5] We find no substantial error in this case but first address whether the charge was erroneous.

At the time of trial in September 1997, the charge was appropriate. However, in *Harris v. State*,[6] our Supreme Court held that this charge was erroneous and reversed a malice murder conviction.[7] This case was not yet final when *Harris* was decided, but *Harris* expressly provides that it will apply to such cases.[8] And even though Lester was convicted of voluntary manslaughter, rather than malice murder, *Harris* applies because the intent to kill is an essential element

---

[3] The court charged as follows:
You may infer that a person of sound mind and discretion intends to accomplish the natural and probable consequences of that person's intentional acts and if a person of sound mind and discretion intentionally and without justification uses a deadly weapon or instrumentality in the manner in which the weapon or instrumentality is ordinarily used and thereby causes the death of a human being you may infer the intent to kill.

[4] *Diaz v. State*, 239 Ga. App. 795 (2) (522 SE2d 242) (1999).

[5] OCGA § 5-5-24 (c); *Medina v. State*, 234 Ga. App. 13, 15 (2) (505 SE2d 558) (1998).

[6] 273 Ga. 608 (543 SE2d 716) (2001).

[7] Id. at 610 (2).

[8] Id.

of both offenses.[9] Therefore, we agree with Lester that the charge was erroneous. However, we do not find substantial error because the charge did not render Lester's trial unfair. Four witnesses testified that Lester told McGrady that he was going to kill him.[10] Thus, there was evidence from which the jury could conclude that Lester intended to kill McGrady, independent of the erroneous charge. Accordingly, the error does not warrant reversal.

2. In his next enumeration of error, Lester argues that the state utilized hearsay evidence to improperly bolster the testimony of a witness. A witness's credibility lies exclusively within the province of the jury,[11] and it "cannot be bolstered by the opinion of another that the witness is telling the truth."[12] No improper bolstering occurred in this case.

The testimony at issue is that of Detective Wendell Turner, who investigated the incident. Detective Turner was asked if any of the witnesses who did not testify at trial gave him statements that were inconsistent with those of the testifying witnesses. Lester objected on the grounds that the state was attempting to introduce statements of witnesses who were not present. Lester's objection was overruled, and the detective replied, "Nothing that was inconsistent from what all I'd already learned." This statement has no bearing on the credibility of the testimony of the other witnesses. The prosecution then attempted to ask the detective with whose testimony the out-of-court witnesses' statements were consistent but was not allowed to do so. The court stated: "I will allow the witness to testify as to who he spoke to. I will not allow the witness to testify as to whether his statement was consistent with or inconsistent with anyone else's who has testified here or that the jury has heard." In light of the court's ruling, we find no error.[13]

---

[9] *Cortez v. State*, 253 Ga. App. 699, 703 (3) (561 SE2d 142) (2002). Accord *Biswas v. State*, 255 Ga. App. 339, 344 (4) (565 SE2d 531) (2002).

[10] Even if Lester had preserved the error, we would not reverse his conviction. In *Shirley v. State*, 259 Ga. App. 503 (578 SE2d 163) (2003), a voluntary manslaughter case in which the objection to the instant charge was properly preserved for appeal, we agreed with the defendant that the charge was erroneous but held that the error did not warrant reversal because the evidence of malice was not weak – the defendant told the victim he was going to "blast his ass" – and it was highly probable that the error in the charge did not contribute to the judgment. Similarly, in this case, Lester told McGrady that he was going to kill him on two separate occasions, approximately fifteen minutes before he stabbed McGrady (which comment was overheard by three witnesses) and within minutes of the actual stabbing (which Hodges testified that he heard). See also *Cortez*, supra (trial court's error in giving the jury the erroneous charge was harmless in light of overwhelming evidence of defendant's intent to kill).

[11] OCGA § 24-9-80.

[12] (Citations omitted.) *Castro v. State*, 241 Ga. App. 546, 549 (2) (527 SE2d 12) (1999).

[13] Compare *Stanford v. State*, 272 Ga. 267, 270 (5) (528 SE2d 246) (2000) (no harmful error where a police officer actually testified regarding the out-of-court statements of two

3. In his last enumerated error, Lester contends that he is entitled to a new trial because the court admitted evidence regarding his medical treatment through statements of witnesses who did not testify at trial. Lester argues in his brief that the court erred by determining that the hearsay evidence was admissible as it explained the detective's conduct. Lester does not include the testimony about which he complains in his brief but refers us to several pages in the record, none of which include the ruling about which Lester complains in his brief. We are not required to cull the record in search of error.[14]

Though not pertinent to the ruling Lester discusses in his brief, we note that Lester raised a hearsay objection to Detective Turner's testimony that the physician who examined Lester said that Lester was fine. The court sustained the objection and gave curative instructions, after noting that the physician's comment had already been admitted without objection during another officer's testimony. Nonetheless, hearsay, although unobjected to, has no probative value and cannot be considered.[15] However, here, the state also introduced a photograph of the defendant that was taken at the hospital after the incident. Thus, the jury had evidence from which to determine Lester's physical condition after the confrontation with the victim and, by its verdict, chose to reject Lester's claim of self-defense. Thus any error from the admission of the hearsay evidence was harmless.

*Judgment affirmed. Johnson, P. J., and Eldridge, J., concur.*

DECIDED AUGUST 12, 2003 — ■

*Kicklighter & Persse, Claude M. Kicklighter, Jr., Robert L. Persse,* for appellant.

*Richard A. Mallard, District Attorney, Michael T. Muldrew, Assistant District Attorney,* for appellee.

witnesses who never testified at trial when other witnesses testified to substantially the same facts).

[14] *Holloway v. State*, 245 Ga. App. 510, 513 (2) (b) (537 SE2d 708) (2000).

[15] *Fitz v. State*, 201 Ga. App. 83, 85 (410 SE2d 186) (1991).