## A05A0351. COURRIER v. THE STATE.

(607 SE2d 221)

BLACKBURN, Presiding Judge.

Following his sexual battery and child cruelty convictions and the denial of his motion for new trial, Michael Edward Courrier appeals, arguing that the trial court erred in limiting his cross-examination of two witnesses and in charging the jury that he could be convicted of child cruelty in two ways when only one way was charged in the indictment. We hold that any error in limiting the cross-examinations was harmless since the material in question was covered during the cross-examinations, and that Courrier induced the charging error by specifically requesting and acquiescing in the defective instruction. Accordingly, we affirm.

Construed in favor of the verdict, the evidence shows that Courrier touched the breasts and later the genitalia of his 12-year-old daughter during May 2002. The daughter reported the incidents to her friend, to her mother, and to her brother, and eventually to authorities in a videotaped interview. Her brother also witnessed at least one of the incidents.

Courrier was indicted on two counts of child molestation[1] and on one count of child cruelty in the first degree.[2] During the State's presentation of its case at trial, Courrier attempted to cross-examine his daughter by playing portions of the videotaped interview, which had not yet been introduced. The trial court prevented this use of the videotape on grounds that the tape would be shown in full later and that the court would keep the daughter available for further cross-examination if needed thereafter. The court would also not allow Courrier to use largely irrelevant e-mails to cross-examine the daughter's friend (to whom the daughter disclosed the incidents) but did allow him to query the friend about the subject matter in the e-mails. Courrier took the stand, denying that he had touched his daughter's

---

[1] OCGA § 16-6-4 (a).

[2] OCGA § 16-5-70 (b).

genitalia but admitting to touching her breasts, which he characterized as being done in a playful (not sexual) manner. The jury found Courrier guilty on two lesser included charges of sexual battery[3] and on the child cruelty count. The court denied his subsequent motion for new trial.

1. Courrier complains that the trial court erred in limiting his cross-examination of his daughter and of her friend. "Control of the nature and scope of cross-examination of a witness is a matter within the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of that discretion." (Punctuation omitted.) *Edwards v. State.*[4] We hold that the trial court abused its discretion in limiting the cross-examination of the daughter but that the error was harmless. The trial court did not abuse its discretion in limiting the cross-examination of the friend.

(a) *Cross-examination of the daughter.* During his cross-examination of the daughter, Courrier sought to use excerpts from the videotaped interview of her by authorities. The trial court prevented this method of cross-examination, holding that the entire videotape would be played later and that Courrier could use it thereafter to cross-examine the daughter during his portion of the case if he wished to recall her.

We first note the absence of the videotape or its transcript in the appellate record. Normally, this would preclude our review of the matter. See *Taylor v. State.*[5] In the present circumstances, however, the specific contents of the videotape are not material to determining this issue, and, therefore, we do review the matter.

"[E]very party has a right to a thorough and sifting cross-examination of witnesses called against him. OCGA § 24-9-64." *Givens v. State.*[6] In *Carswell v. State,*[7] the trial court refused to allow defense counsel to play a videotape during the cross-examination of a State witness. The Supreme Court of Georgia held: "By refusing to allow defense counsel to play the . . . videotaped statement, . . . the trial court effectively cut off *in limine* all inquiry on a subject with respect to which the defense was entitled to a reasonable cross-examination. This was an abuse of discretion." (Punctuation omitted.) Id. at 535 (5). Similarly, we hold that the trial court abused its discretion here in refusing to allow Courrier to use the videotape in the cross-examination of his daughter. See *Givens*, supra at 523-524 (2) (it is better practice for a trial court to allow a defendant to

---

[3] OCGA § 16-6-22.1 (b).
[4] *Edwards v. State*, 253 Ga. App. 479, 482 (2) (559 SE2d 506) (2002).
[5] *Taylor v. State*, 268 Ga. App. 333, 335 (3) (601 SE2d 815) (2004).
[6] *Givens v. State*, 264 Ga. 522, 523 (2) (448 SE2d 687) (1994).
[7] *Carswell v. State*, 268 Ga. 531, 534 (5) (491 SE2d 343) (1997).

cross-examine a witness by use of a videotape showing the actual incident in question involving the witness).

Nevertheless, we hold that the error was harmless because the subject matter was covered later during the trial when the entirety of the videotape was played and because Courrier had the opportunity to verbally cross-examine the daughter during the State's case regarding her former statements to authorities (even though the precise method of using the videotape to confront her was precluded). See *Carswell*, supra at 535 (5) (error was harmless because, among other things, defense counsel was permitted to cross-examine witness about the unplayed videotaped interrogation); *Taylor*, supra at 335 (3) (no harm where counsel brought out inconsistencies between trial testimony and unplayed videotaped statements). Moreover, Courrier chose not to recall his daughter during his case, when the court had stated it would allow him to cross-examine her by use of the videotape.

(b) *Cross-examination of the friend.* During his cross-examination of the daughter's friend (in whom the daughter had confided), Courrier sought to use two e-mails between the two girls to demonstrate that the friend and the daughter had agreed to jointly tell the daughter's mother about the incidents but that they had not done so because the daughter had become angry with her friend about her friend's spending too much time with another person. Courrier maintained that this showed that the friend had not been "real truthful" with the jury when she testified only that "something came up" as the reason she and the daughter failed to jointly tell the mother. Courrier also wanted to show the jury that the daughter was jealous of her friend's spending time with another person. The trial court held that such matters were irrelevant to the case but nevertheless allowed Courrier to explore the subject areas without referring to the e-mails. During cross-examination, Courrier indeed explored both of these subject matters, with the friend conceding all points raised by Courrier.

We agree with the trial court that the referenced matters as framed were irrelevant to the trial. And we certainly discern no abuse of discretion where a trial court excludes reference to e-mails (admittedly containing mostly irrelevant material) but nevertheless allows counsel to explore the subject areas desired, with the witness conceding the points raised.

2. Courrier contends that the trial court erred in charging the jury that "a person commits the offense of cruelty to children in the first degree when the person maliciously causes a child under the age of eighteen years cruel or excessive mental *or physical pain.*" (Emphasis supplied.) Since the indictment only charged Courrier with causing excessive mental pain by his conduct, he argues that by

instructing the jury that it could convict him if it found *physical* pain, he was thereby deprived of due process, as the indictment did not allege physical pain. The evidence showed that he may have caused his daughter physical pain by twisting her nipples. See *Dukes v. State*[8] (due process right to notice of the charges is violated where defendant is tried on a method of committing the crime not alleged in the indictment); *Green v. State*[9] ("[a]bsent a remedial instruction, reversible error occurs if the jury charge recites the statutory definition of a crime (which informs the jury the crime may be committed in various manners) when the indictment alleges that the crime occurred in a specific way").

Courrier acknowledges that he did not object nor reserve objections to this instruction when the court asked for any objections to the jury charge. "Where objections are requested, the failure to either object or to reserve the right to later object amounts to a procedural default barring appellate review of the charge." *Bruce v. State.*[10] See *Leggon v. State.*[11]

To overcome this default, Courrier cites OCGA § 5-5-24 (c), which provides that "the appellate courts shall consider and review erroneous charges where there has been a substantial error in the charge which was harmful as a matter of law, regardless of whether objection was made hereunder or not." See *Lester v. State*[12] ("where there has been a substantial error in the charge which was harmful as a matter of law, depriving the defendant of a fair trial, we must consider and review the charge regardless of whether an objection was made"). Courrier argues that this was a substantial error and should be considered by this Court. See *Levin v. State*[13] (if a reasonable probability exists that based on an overbroad jury charge, jury convicted defendant of a crime in a manner not charged in the indictment, "[t]his error is sufficiently egregious to preclude a finding that it was waived even if, as the State argues, [defendant] failed to except to the charges. OCGA § 5-5-24 (c)").

However, "even the review of substantial error under OCGA § 5-5-24 (c) is not available when the giving of an instruction, or the failure to give an instruction, is induced during trial by counsel for the complaining party or specifically acquiesced in by counsel." *Moody v.*

---

[8] *Dukes v. State*, 265 Ga. 422, 424 (457 SE2d 556) (1995).

[9] *Green v. State*, 240 Ga. App. 377, 379 (4) (523 SE2d 581) (1999).

[10] *Bruce v. State*, 252 Ga. App. 494, 500 (3) (555 SE2d 819) (2001).

[11] *Leggon v. State*, 249 Ga. App. 467, 471 (2) (549 SE2d 137) (2001).

[12] *Lester v. State*, 262 Ga. App. 707, 708 (1) (586 SE2d 408) (2003).

[13] *Levin v. State*, 222 Ga. App. 123, 127 (6) (473 SE2d 582) (1996).

*Dykes*,[14] citing *Irvin v. Oliver*.[15] See *Pressley v. State*[16] (express consent to challenged instruction during charge conference waives right under OCGA § 5-5-24 (c) to challenge instruction on appeal). See also *Teague v. York*[17] (specific acquiescence to defective charge precludes defendant from relying on OCGA § 5-5-24 (c) on appeal); *Brown v. Garcia*[18] (OCGA § 5-5-24 (c) does not apply where appellant specifically acquiesced in charge now complained of).

Here, Courrier specifically induced and acquiesced in this instruction. He submitted Request to Charge No. 3 to the court, in which he asked the court to instruct the jury that the offense of cruelty to children occurs when a "person maliciously causes a child under the age of 18 years cruel or excessive *physical or* mental pain." (Emphasis supplied.) See *Queen v. Lambert*[19] (where party requested very charge now complained of, that party induced and acquiesced in the giving of the charge). At the charge conference when the State's identical Request to Charge No. 5 was raised, Courrier's counsel stated, "Yes. I don't have any problem with five." See *Stanford v. State*[20] (where defense counsel actively participated in the framing of the overbroad charge and approved the portion of the charge now complained of, acquiescence is shown). Indeed, he withdrew his own Request No. 3 on the ground that it was the "same as the State's." See *Dunphy v. State*[21] (acquiescence found where defense counsel stated that anticipated charge sufficiently covered defendant's requested charges). When the court asked for any objections following its giving of the entire jury charge, which included this instruction, Courrier's counsel responded, "Nothing other than the exceptions . . . that I had stated earlier," which exceptions included no reference to the child cruelty charge. In light of Courrier's specific request for and acquiescence in the contested charge, we hold that he has waived appellate review of this matter.

*Judgment affirmed. Eldridge and Miller, JJ., concur.*

DECIDED NOVEMBER 23, 2004.

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

---

[14] *Moody v. Dykes*, 269 Ga. 217, 219-220 (3) (496 SE2d 907) (1998).

[15] *Irvin v. Oliver*, 223 Ga. 193, 196 (2) (154 SE2d 217) (1967).

[16] *Pressley v. State*, 197 Ga. App. 270, 271 (4) (398 SE2d 268) (1990).

[17] *Teague v. York*, 203 Ga. App. 24, 25 (1) (416 SE2d 356) (1992).

[18] *Brown v. Garcia*, 154 Ga. App. 837, 838 (1) (270 SE2d 63) (1980).

[19] *Queen v. Lambert*, 259 Ga. App. 385, 388 (3) (577 SE2d 72) (2003).

[20] *Stanford v. State*, 236 Ga. App. 597, 599 (2) (512 SE2d 708) (1999).

[21] *Dunphy v. State*, 131 Ga. App. 615, 616 (5) (206 SE2d 524) (1974).

*Carlton C. Carter*, for appellant.
*Garry T. Moss, District Attorney*, for appellee.