A08A0571. ROGERS v. THE STATE.
(661 SE2d 615)

JOHNSON, Presiding Judge.

Andrew Rogers, Jr., was indicted on charges of armed robbery, aggravated assault and kidnapping. After a jury trial, he was found guilty of kidnapping, but acquitted of armed robbery and aggravated assault. He appeals from the kidnapping conviction, arguing that the evidence was insufficient to support the conviction. We affirm.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence.[1] We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt.[2]

Terrell Johnson, who had known Rogers since the two were children, went to Rogers' father's home to help Rogers move. When Johnson arrived at the residence, Rogers approached Johnson's car, opened the door, and pulled out a gun. Rogers told Johnson to get out of the car, that "this is a robbery." Johnson told Rogers to stop playing around. A second man came to the vehicle, put a gun to Johnson's head, told him it was a real robbery, and ordered Johnson out of the car. Rogers pulled Johnson out of the car and dragged him inside the house. The men tied Johnson's hands behind his back and placed him on the floor. They ripped his pockets and took his jewelry.

The men then asked Johnson where the money was. Johnson replied that he did not know where any money was. Rogers put a pair of grip pliers on Johnson's toe, put a knife between his toes and threatened to torture Johnson until he told where the money was located. Rogers told Johnson he was going to go get Johnson's wife from her home, and told the second man to kill Johnson if he moved. The second man struck Johnson in the face with a gun. When the second man left the room to wash Johnson's blood off his hands, Johnson broke the plastic tie that bound his hands, broke a window out, jumped, then ran to a neighbor's home. At trial, Johnson identified the pliers, plastic tie, and knife as the items used by the perpetrators. The state introduced through a police officer who interviewed Johnson photographs showing lacerations to Johnson's

---

[1] *Thomas v. State*, 260 Ga. App. 718, 719 (580 SE2d 665) (2003).

[2] Id.

nose and toe, handgun bullets found in Rogers' car, and a broken window at Rogers' father's residence.

Rogers testified at trial on his own behalf. He stated that Johnson came by to buy cocaine, and Rogers did not know that the other men were going to rob Johnson.[3] According to Rogers, once he realized Johnson was being robbed, he left the scene.

Rogers contends that no reasonable jury could have found him guilty of kidnapping because his testimony was "very plausible," the victim had a motive to lie (namely, he was angry about being robbed and believed that Rogers had set him up), there was no forensic evidence pointing to his guilt, certain aspects of Johnson's story were implausible, and the fact that he was acquitted of armed robbery and aggravated assault shows that the jury believed Rogers' version of the events. The argument presents no basis for reversal.

The credibility of witnesses and the weight to be given their testimony are questions for the trier of fact.[4] Although Rogers does not deem the victim's testimony credible, the jury did, at least regarding the kidnapping. The jury could reasonably infer from the evidence that the offense of kidnapping occurred as charged beyond a reasonable doubt.[5]

Furthermore, the fact that Rogers was found not guilty of armed robbery and aggravated assault does not require reversal of the kidnapping conviction.[6] A conviction on one count and acquittal on another related count may reflect a compromise or lenity by the jury rather than inconsistent factual conclusions, and Georgia courts generally will not look behind the jury's decision to convict on certain counts and acquit on other counts.[7]

*Judgment affirmed. Barnes, C. J., and Phipps, J., concur.*

DECIDED APRIL 16, 2008.

*Richard Parker*, for appellant.
*Joseph K. Mulholland, District Attorney, Samuel M. Olmstead, Assistant District Attorney*, for appellee.

---

[3] The witnesses' testimony differs regarding the number of perpetrators involved.
[4] See *Mobley v. State*, 255 Ga. App. 263, 264 (1) (564 SE2d 851) (2002).
[5] See generally *Dasher v. State*, 281 Ga. App. 326, 329 (1) (b) (636 SE2d 83) (2006).
[6] See *Kimble v. State*, 236 Ga. App. 391, 392-393 (1) (512 SE2d 306) (1999).
[7] See *Oliver v. State*, 270 Ga. App. 429, 431 (3) (606 SE2d 874) (2004).